SARAH E. TOURJEE *vs.* JOHN MATTESON, T. T.

EVERETT L. TOURJEE *vs.* JOHN MATTESON, T. T.

MAY 11, 1912. ·

PRESENT:   Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1)   *Suit Against Officer Revived Against Successor.*

During the pendency of an action against defendant as town treasurer, defendant was re-elected, but resigned and a new treasurer was elected by the town council. Over a year from the qualification of latter, he was summoned in to answer the case and entered a general appearance. Subsequently on motion the case was dismissed under Gen. Laws, 1909, cap. 283, § 13, providing that no action pending against any officer in his capacity as such shall abate in consequence of his ceasing to hold his office within one year thereafter, but at any time within such year his successor may be summoned in to defend such action.

*Held,* properly dismissed.

*Saunders* vs. *Pendleton,* 19 R. I. 659, affirmed.

(2)   *Suits Against Officer.   Revival.   Abatement.*

Under Gen. Laws, 1909, cap. 283, § 13, suits against an officer become dormant upon his death or ceasing to hold office, subject to be revived at any time within a year thereafter, but in case no successor enters appearance within the year the suit abates by operation of law, and having abated can not be revived. Therefore the questions of general appearance and waiver have no application.

(3)   *Statutes.   Construction.   Marginal Notes.*

Marginal notes to statutes while no part of the same, yet afford some indication of the construction placed thereon by the compilers thereof.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of plaintiff, and overruled.

DUBOIS, C. J.   These actions were brought by the plaintiffs against John Matteson as town treasurer of the town of Coventry, in Kent county; that of Sarah E. Tourjee for

damages as the result of an accident to her, which took place on June 17, 1906, caused, as alleged in the declaration, by reason of a defective highway; and the action of Everett L. Tourjee, her husband, for loss of wife's services.

The defendant was reëlected to the position of town treasurer in June, 1909, and subsequently resigned or declined to serve, and one Greene was appointed town treasurer by the town council in his place. The plaintiff had notice that the defendant was reëlected, but was unaware of the fact of his declination or that a new town treasurer had been appointed. A little over a year after the qualification of Mr. Greene the plaintiffs' attorney learned of the foregoing facts and made a motion which was granted whereunder the new town treasurer, Greene, was summoned in to answer these two cases; and through his attorney, entered a general appearance without any objection to the time elapsed. Subsequently, on the 19th day of November, A. D. 1910, on motion of the defendant, appearing among the files in the cases, the cases were dismissed under Gen. Laws, 1909, cap. 283, § 13 of the General Laws. The decision of the court was based upon the case of *Saunders* v. *Pendleton,* 19 R. I. 659.

The exceptions of the plaintiffs in both cases are as follows:

"1. That the Court erred in granting said motion to dismiss, the exception to which ruling appears on 'page 8' of the transcript herewith filed.

"2. That on the evidence offered by the defendant to sustain said motion, the Court erred in granting the same.

"3. That the new Town Treasurer, Green, having been duly summoned in to answer said case as successor to the said Matteson, and having entered a general appearance without any objection to the lapse of time of more than one year after John Matteson had ceased to be Town Treasurer of the said Town, it was too late to file any such motion to dismiss, and the Court erred in granting the same.

"4. That the fact that said Matteson had ceased to

be Town Treasurer of said Town of Coventry, on the 14th day of June, A. D. 1909, and that the new Town Treasurer, said Green, was not summoned in to answer said case, until more than a year thereafter, is no ground for dismissing said action, and the Court erred in granting said motion."

The plaintiffs' claims are as follows:

"*First*: That the said decision in Saunders *vs.* Pendleton is wrong, erroneous and should be overruled.

"*Second*: That by entering the general appearance, the defendant waived the right to make the motion to dismiss."

The consideration of this case involves the construction of Gen. Laws, 1909, cap. 283, § 13, which reads as follows: "Sec. 13. No action, suit or proceeding, commenced or pending by or against any officer, receiver, or trustee, in his capacity as such, shall abate in consequence of his death, or of his ceasing to hold his office, place, or trust, within one year thereafter; but at any time within one year thereafter his successor in the office, place, or trust may come in and take upon himself, or he may be summoned in to take upon himself, the prosecution or defence of such action, suit or proceeding." Although the marginal notes to statutes are no part of the same, nevertheless they afford some indication of the construction placed thereon by the compilers thereof.

The marginal notes accompanying the section under consideration read as follows: "Proceedings by or against any officer, receiver or trustee may be revived by or against his successor within one year." We have no doubt that the present actions are within the purview of this statute— see *Saunders* v. *Pendleton*, 19 R. I. 659. Nor have we any doubt as to the correctness of the doctrine announced in that case. Under the statute referred to suits against an officer do not abate immediately upon a vacancy occurring in his office by reason of his death or of his ceasing to hold the same, but become dormant, as it were, subject to be revived at any time within a year thereafter, by the ap-

pearance in court of his successor; but in case no successor makes appearance within the year the suits abate by operation of law, by expiration of the time within which they may be revived. In other words, the comatose condition of the suits terminates in their death. Having abated they cannot be revived. Therefore the questions of general appearance, waiver and the like, have no application in the premises.

The plaintiffs' exceptions are therefore overruled, and the cases are remitted to the Superior Court within and for the county of Kent, for further proceedings.

*A. B. Crafts*, for plaintiff.

*E. K. Parker*, for defendant.